1  Mark F. Anderson (SBN 44787)
   Kemnitzer, Anderson, Barron, Ogilvie & Brewer LLP
2  445 Bush Street, 6th Floor
   San Francisco, CA 94108
3  Ph: (415) 861-2265
   Fax: (415) 861-3151
4  mark@kaboblaw.com
5
   Attorneys for Plaintiff Denise Mercado
6
7
8                    UNITED STATES DISTRICT COURT
9                  NORTHERN DISTRICT OF CALIFORNIA
10
11 DENISE MERCADO,                    )   Case No. C 08 04956 PVT
                                      )
12        Plaintiff,                  )
                                      )
13        v.                          )   COMPLAINT
                                      )
14                                    )   (Fair Credit Reporting Act
   EXPERIAN INFORMATION SOLUTIONS, INC., )  15 USC § 1681 *et seq*., Fair Debt
15 RICKENBACKER GROUP, INC., a California )  Collection Practices Act, 15 USC§ 1692
   corporation dba Rickenbacker Collection Services, )  et seq., and related state law claims.)
16                                    )
17        Defendants.                 )   DEMAND FOR JURY TRIAL
                                      )
18 _____)
19                      **Jurisdiction and Venue**
20        1.      This action is brought pursuant to the Fair Credit Reporting Act, 15 USC §1681
21 *et seq*.  (FCRA). The court has jurisdiction pursuant to 15 USC §1681p. Plaintiff lives in this
22 district and certain of the events complained of occurred here. Plaintiff brings claims against
23 the defendant credit reporting agency Experian Information Solutions, Inc. ("Experian") and
24 defendant Rickenbacker Group, Inc. dba Rickenbacker Collection Services ("Rickenbacker")
25 based on violations of the Fair Credit Reporting Act. Plaintiff brings a claim pursuant to the
26
27
28 *Mercado v Experian*, et al., ND Cal. case no.
   Complaint and Jury Demand                                          1

1   Fair Debt Collection Practices Act, 15 USC § 1692 *et seq*., against defendant Rickenbacker

2   Group, Inc.

3                                    **Description of the Case**

4        2.      On December 3, 2007, plaintiff received a notice in the mail from defendant

5   Rickenbacker stating she owed $1,565.42 for towing and storage charges on a 1973 Mazda

6   truck towed on September 12, 2007.

7

8        3.      Plaintiff never owned or used the 1973 Mazda truck. Plaintiff immediately

9   called Rickenbacker and told them she never owned or used the truck and that she nothing

10  about a 1973 Mazda truck.

11       4.      Plaintiff sent Rickenbacker a letter with copies of her pay stubs showing she

12  was working in a retail store in Salinas on the day the truck was towed. Rickenbacker replied

13  with a form letter dated January 16, 2008, stating plaintiff must submit proof the title to the

14  truck "was in fact transferred" in "order for us to close our file and remove credit bureau

15  entries."

16

17       5.      On or about January 5, 2008, plaintiff obtained a certified vehicle history on

18  the 1973 Mazda truck, which showed the names of each owner of the truck from when it was

19  sold as new through October 19, 2007. The last owner was Pick N Pull, which is a company

20  that buys abandoned and wrecked vehicles and "parts them out" *i.e*., dismantles them and

21  sells the parts. The DMV record shows the vehicle was dismantled on November 13, 2007,

22  less than a month after Pick N Pull took title to the truck.

23

24       6.      Plaintiff mailed a copy of the DMV records to defendant Rickenbacker in

25  January 2008.

26       7.      Defendant Rickenbacker is a collection agency that specializes in collecting

27  unpaid tow bills. Rickenbacker knew from the history of ownership of the 1973 Mazda truck

28  *Mercado v Experian*, *et al.*, ND Cal. case no.
    Complaint and Jury Demand                                                        2

that plaintiff never owned it.

8.      Even though plaintiff proved to Rickenbacker that she never owned the truck, Rickenbacker continued to pursue collection against plaintiff with numerous telephone calls as many as four a day demanding payment.

9.      Defendant Rickenbacker is one of Experian's subscribers. As such, it has access to Experian's credit files (which include virtually the entire U.S. population) and has the ability to report alleged debts on individuals, which debts appear on Experian credit reports.

10.     In April 2008, Rickenbacker reported to Experian that plaintiff owed $1,673 for the tow bill. This report is scheduled to remain on plaintiff's credit report until July 2014. The effect of the report is to drastically lower plaintiff's credit score and to make it difficult or impossible for her to get credit at all or at a reasonable interest rate.

11.     Since plaintiff never applied for credit to Rickenbacker's predecessor, All Star Heavy Haul and Towing, Rickenbacker had no right to access her credit or to report an adverse account to Experian.

12.     On September 10, 2008, plaintiff sent a written dispute letter to Experian, which it received on September 17, 2008, along with a copy of a police report on the incident, the DMV record of her (non) ownership, and other documents.

13.     As required by the FCRA, Experian was required to conduct a reasonable investigation as to whether the account should be on plaintiff's credit files. As part of the investigation, Experian contacted Rickenbacker about the dispute.

14.     Experian reported back to plaintiff that the account was to remain on her files.

*Mercado v Experian*, *et al.*, ND Cal. case no.
Complaint and Jury Demand                                                3

15.     Experian failed to conduct a reasonable reinvestigation of the Rickenbacker report after plaintiff disputed the debt.

16.      Rickenbacker failed to fulfill its obligations under 15 USC § 1681s-2(b) to conduct a reasonable investigation of the dispute after it was notified by Experian that plaintiff disputed the account.

### The Parties

17.     Plaintiff Denise Mercado ("plaintiff") is a consumer as defined by 15 USC §1681a(c), and a resident of Salinas, California.

18.     Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal place of business in Costa Mesa, California. Experian is a "consumer reporting agency" as defined by the FCRA, 15 USC § 1681a(f).

19.     Defendant Rickenbacker is a debt collector and furnisher of information to Experian.

**First Claim: Experian's Violations of the Fair Credit Reporting Act, 15 USC § 1681i**

20.     Plaintiff incorporates by reference paragraphs 1 through 19.

21.     The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(1)(A).  The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and

*Mercado v Experian, et al.*, ND Cal. case no.
Complaint and Jury Demand                                                    4

requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 USC § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

22.     Within the two years preceding the filing of this complaint, plaintiff notified defendant Experian of inaccuracies contained in its report on plaintiff and has asked it to reinvestigate and correct the inaccuracy.

23.     Experian failed to conduct a proper reinvestigation of the items of information that plaintiff has disputed.

24.     On information and belief, Experian failed to provide timely and complete notification to the furnisher of the disputed information.

25.     On information and belief, Experian failed to review and consider all relevant information submitted by plaintiff.

26.     Experian violated the provisions of 15 USC § 1681i in the respects alleged above and in other ways presently unknown to plaintiff. These violations by defendants were negligent and willful.

27.     As a result of the above-described violations of § 1681i, plaintiff has been damaged. Plaintiff continues to suffer actual damages and plaintiff will suffer more damages in the future.

28.     Plaintiff requests punitive damages pursuant to 15 USC § 1681n(a)(2) against Experian.

29.     Plaintiff requests costs of the action together with reasonable attorney fees as determined by the court in accordance with 15 USC §§ 1681n(a) and 1681o(a).

**Second Claim: Violations by Rickenbacker of the Fair Credit Reporting Act, 15 USC § 1681s-2(b)**

30.     Plaintiff incorporates by reference paragraphs 1 through 19.

31.     The FCRA requires a furnisher, after receiving notice from a credit reporting agency such as Experian  that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

32.     Within the last two years, the defendant Rickenbacker has furnished inaccurate information about plaintiff to Experian.

33.     Within the past two years, plaintiff has notified the Rickenbacker that she disputes the inaccurate information reported by it.

34.     On information and belief, Experian has notified Rickenbacker that plaintiff has disputed the information it has furnished concerning plaintiff.

35.     On information and belief, the Experian has provided Rickenbacker with the relevant information plaintiff provided to Experian, as required by 15 USC § 1681i(a)(2).

36.     Rickenbacker negligently and willfully violated 15 USC § 1681s-2(b) by failing to conduct an appropriate investigation, by failing to review all relevant information, by failing to report the results to Experian and by failing to modify, delete or permanently block the reporting of the inaccurate information about plaintiff.

37.     As a result of the above-described violations of § 1681s-2(b), plaintiff has been damaged. Plaintiff continues to suffer actual damages and plaintiff will suffer more damages in the future.

38.     Plaintiff requests punitive damages pursuant to 15 USC § 1681n(a)(2).

39.     Plaintiff requests costs of the action together with reasonable attorney fees as determined by the court in accordance with 15 USC §§ 1681n(a) and 1681o(a).

**Third Claim: Violations by Rickenbacker of the Fair Credit Reporting Act—Impermissible Access**

40.     Plaintiff incorporates by reference paragraphs 1 through 19.

41.     Defendant Rickenbacker accessed plaintiff's credit reports maintained by Experian in the process of attempting to collect the tow bill account.

42.     Defendant Rickenbacker violated the FCRA in doing so because plaintiff had never applied for credit to it or its assignor tow company.

**43.**     Plaintiff is due actual or statutory damages based on this violation of the FCRA ban on impermissible access.

**Fourth Claim: Violations by Rickenbacker of the Fair Debt Collection Act, 15 USC § 1692 *et seq*.**

44.     Plaintiff incorporates by reference paragraphs 1 through 19.

45.     Rickenbacker is in the business of collecting debts in this state using the mail and telephone. Its principal business is the collection of debts in this state. Rickenbacker regularly attempts to collect debts alleged to be due to another.

46.     Rickenbacker is a debt collector as defined by the Fair Debt Collection Act, 15 USC § 1692a(6).

47.     On numerous dates, plaintiff notified Rickenbacker orally and in writing that

1   the  account did not belong to her.  However, Rickenbacker thereafter failed to cease and

2   desist from its collection activities.

3       48.        Defendant Rickenbacker violated 15 USC § 1692e by using false,

4   deceptive or misleading representations or means in connection with the collection of the

5   alleged debt.

6

7       49.    The acts alleged above caused plaintiff damages, including emotional distress.

8       50.    As a result of the above violations of the FDCPA, the defendant debt collector

9   is liable to plaintiff for actual damages, statutory damages, and costs and attorneys fees.

10                                      **PRAYER**

11      WHEREFORE, plaintiff prays for judgment as follows:

12      On the First, Second and Third claims, for violations of the Fair Credit Reporting Act:

13      1.     Actual damages;

14      2.     Statutory damges;

15      3.     Punitive damages;

16      4.     Costs of the action together with reasonable attorneys fees as determined by

17             the court.

18      On the Fourth Claim against Rickenbacker for violations of the Fair Debt Collection

19   Practices Act:

20      1.     A declaratory judgment that said defendant's conduct violated the FDCPA;

21      2.     Actual damages;

22      3.     Statutory damages pursuant to 15 USC § 1692k;

23      4.     Costs and reasonable attorney's fees pursuant to 15 USC § 1692k;

24   //

25   //

26   //

27

28   *Mercado v Experian*, *et al.*, ND Cal. case no.
     Complaint and Jury Demand                                                        8

1      5.      Such other relief as the Court may deem proper.

2

3   Dated: October 27, 2008        KEMNITZER, ANDERSON, BARRON,
                                      OGILVIE & BREWER LLP
4
                                   By /s/ Mark F Anderson
5                                      Mark F. Anderson
                                   Attorney for Plaintiff Denise Mercado
6

7                                  **DEMAND FOR JURY TRIAL**

8        Plaintiff demands a trial by jury on all issues.

9   Dated: October 27, 2008.       KEMNITZER, ANDERSON, BARRON,
                                      OGILVIE & BREWER LLP
10

11

12                                 By /s/ Mark F Anderson
                                       Mark F. Anderson
13                                 Attorney for Plaintiff Denise Mercado

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
_Mercado v Experian, et al._, ND Cal. case no.
Complaint and Jury Demand                                          9